IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br><br> *Plaintiff,* <br> v. <br><br> THALES DIS AIS USA, LLC et al. <br><br> *Defendants.* | C.A. No. 1:20-CV-1713-CFC <br><br> C.A. No. 1:20-CV-1709-CFC. |

## [~~PROPOSED~~] SCHEDULING ORDER

This 24th day of April 2023, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.l(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Scope.</u> This scheduling order sets a schedule for Civil Action Nos. 1:20-CV-01713-CFC and 1:20-CV-1709-CFC as between Plaintiff KONINKLIJKE PHILIPS N.V. and defendants THALES DIS AIS USA LLC (F/K/A GEMALTO IOT LLC F/K/A CINTERION WIRELESS MODULES NAFTA LLC), THALES DIS AIS DEUTSCHLAND GMBH (F/K/A GEMALTO M2M GMBH), THALES USA, INC., and THALES S.A, as directed by the Court at the April 4, 2023 status

1

conference.[1] Both cases involve a FRAND trial on common facts. This phase will address Philips' Count V of Civil Action No. 1:20-CV-01713-CFC and Philips' Count VII of Civil Action No. 1-20-CV-1709-CFC, as well as Thales' First Counterclaim of Civil Action No. 1-20-CV-1713-CFC.

2. <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before April 28, 2023. The parties shall make initial disclosures under Paragraph 3 of the District of Delaware Electronic Discovery Default Standard on or before May 5, 2023.

3. <u>Discovery.</u>

    a. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before October 17, 2023.

    b. <u>Document Production.</u> Document production shall be substantially completed on or before October 2, 2023. However, the parties may use documents produced in the ITC action (337-TA-1240), as well as documents

---

[1] This matter shall remain stayed as to Defendants CalAmp Corp., Xirgo Technologies, LLC and Laird Connectivity, Inc., which three parties are defendants only in case 20-cv-01713. For the avoidance of doubt, all positions, claims, defenses, and arguments as to these three parties are expressly reserved as this case proceeds only as between Plaintiff and Thales.

2

produced in the co-pending actions (20-1708 and 20-1711).

  c. <u>Requests for Admission.</u>  A maximum of 40 requests for admission are permitted for each side.

  d. <u>Interrogatories.</u>  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side, including subparts.

  e. <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination unless otherwise agreed upon in writing by the parties. However, the parties may use deposition testimony from the ITC action (37-TA-1240), as well as testimony from the co-pending actions (20-1708 and 20-1711).

    ii. <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties agree that depositions during this phase of the case may be conducted

3

remotely by video means and shall be scheduled during a time that is convenient for counsel and the witness based upon his or her location.

4.   <u>Pinpoint Citations.</u>  Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

5.   <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u>  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated

as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Disputes Relating to Discovery Matters and Protective Orders.</u> Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

a. Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed 750 words pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought. The motion also shall have attached to it the draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party.

b. By no later than 48 hours prior to the conference/argument, any

5

party opposing the application for relief may file a letter, not to exceed 750 words, outlining that party's reasons for its opposition.

   c. Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 4, 9, and 16 of this Order.

   d. If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

  7. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  8. <u>Hard Copies.</u> The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 6 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 10 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies

to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

9. <u>Disclosure of Expert Testimony.</u>

   a. <u>Expert Reports.</u> The parties shall simultaneously exchange opening expert reports on November 21, 2023 and they shall simultaneously exchange rebuttal expert reports on December 21, 2023. Expert discovery shall close on January 24, 2024.

   b. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

7

10. <u>Case Dispositive and *Daubert* Motions.</u>

    a. <u>No Early Motions Without Leave.</u> All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before February 20, 2024. No case dispositive motion under Rule 56 may be filed before this date without leave of the Court. Briefs in opposition to any dispositive motion will be due on or before March 20, 2024. Reply briefs in support of dispositive motions will be due on or before April 5, 2024.

    b. <u>Motions to be Filed Separately.</u> A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

    c. <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[2] A party must submit a separate concise statement of facts for each summary judgment motion. Any

---

[2] The party must detail each material/act in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

    d. <u>Focus of the Concise Statement.</u>  When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context.

If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 4, 9, and 16 of this Order.

  e. <u>Word Limits for Concise Statement.</u> The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,500 words.

  f. <u>Affidavits and Declarations.</u> Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

  g. <u>Scope of Judicial Review.</u> When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless

controverted by a separate concise statement of the opposing party.

11. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference.</u> On July 31, 2024, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 3:00 p.m. E.S.T. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on July 10, 2024 [21 days before the Pretrial Conference]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 750 words of argument and may be opposed by a maximum of 750 words of argument, and the party making the *in limine* request may add a maximum of 250 words in reply in support of its request. If more than one party

11

is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 750-word submission (and, if the moving party, a 250-word reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. All Motions in limine must be made on or before June 7, 2024. Any opposition to a motion *in limine* must be made on or before June 21, 2024. Any reply must be made on or before June 28, 2024.

14. <u>Page/Word Limitations.</u> Where page limits are specified by order or rule, the parties shall use a word-count limit. For each page allowed by order or rule, the parties shall use up to 250 words. For example, where the page limit specified by rule is 20 pages, the maximum number of words for a party's submission would be 5,000 (20 x 250). A certification as to the total number of words must be included in any submission.

15. <u>Font.</u> The text for all briefs, letters, motions, and concise statements of fact shall be 14-point and in Times New Roman or similar typeface. Each such filing must include a certification by counsel that the filing complies with the type, font, and word limitations set forth in this Order. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the filing.

16. <u>Compendium of Cases.</u> A party may submit with any briefing two

courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 8 of this Order.

17. <u>Jury Instructions, Voir Dire and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on July 10, 2024. [21 days before the Pretrial Conference]. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to <u>cfc_civil@ded.uscourts.gov.</u>

18. <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 8:30 a.m. on August 12, 2024, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be

13

excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19. <u>Relevant Deadlines and Dates.</u> All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

_____
The Honorable Colm F. Connolly
United States District Court Judge

## Exhibit A

| Event | Deadline |
|---|---|
| Initial Disclosures | April 28, 2023 |
| Initial Conference Under Section 2 of the Delaware Electronic Discovery Default Rules | On or before April 28, 2023 |
| Initial Disclosures Under Section 3 of the Delaware Electronic Discovery Default Rules | May 5, 2023 |
| Last Day to Identify Expert Witnesses | July 21, 2023 |
| Close of Fact Discovery | October 17, 2023 |
| Opening Expert Report | Simultaneous Exchange of Opening Expert Reports on November 21, 2023 |
| Rebuttal Expert Report | Simultaneous Exchange of Rebuttal Expert Reports on December 21, 2023 |
| Close of Expert Discovery | January 24, 2024 |
| Opening Briefs for Summary Judgment/*Daubert* Motions | February 20, 2024 |
| Answering Briefs for Summary Judgement/*Daubert* Motions | March 20, 2024 |
| Reply Briefs for Summary Judgment/*Daubert* Motions | April 5, 2024 |
| Motions *in Limine* | June 7, 2024 |
| Oppositions to Motions *in Limine* | June 21, 2024 |
| Motion *in Limine* Replies | June 28, 2024 |
| Proposed Pre-Trial Order (including motion in limine briefing, etc. | July 10, 2024 |
| Jury Instructions, Verdict Forms, Voir Dire | July 10, 2024 |
| Pre-Trial Conference | July 31, 2024 |
| Trial | August 12, 2024 |