IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br><br> Plaintiff, <br><br> v. <br><br> THALES DIS AIS USA LLC (f/k/a GEMALTO IOT LLC f/k/a CINTERION WIRELESS MODULES NAFTA LLC); THALES DIS AIS DEUTSCHLAND GMBH (f/k/a GEMALTO M2M GMBH); THALES USA, INC.; and THALES S.A., <br><br> Defendants. | Civil Action No. 20-1709-CFC |

Adam Wyatt Poff, Alexis Stombaugh, Beth Ann Swadley, Robert M. Vrana, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware; Eley O. Thompson, FOLEY & LARDNER LLP, Chicago, Illinois; Kevin M. Littman, Lucas I. Silva, FOLEY & LARDNER LLP, Boston, Massachusetts

   *Counsel for Plaintiff*

Jack B. Blumenfeld, Brian P. Egan, Anthony D. Raucci, MORRIS, NICHOLS, ARSHT, & TUNNELL LLP, Wilmington, Delaware; David Loewenstein, Clyde Shuman, Kyle Auteri, PEARL COHEN ZEDEK LATZER BARATZ LLP, New York, New York

   *Counsel for Defendants*

**MEMORANDUM OPINION**

August 31, 2023
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff Koninklijke Philips N.V. (Philips) has sued Defendants Thales DIS AIS USA LLC (Thales DIS AIS USA), Thales DIS AIS Deutschland GmbH, Thales USA, Inc. (Thales USA), and Thales S.A. Pending before me is the Motion to Dismiss Counts VIII–XII and to Strike Paragraphs 132–142 of Philips' Second Amended Complaint filed by Thales DIS AIS USA and Thales DIS AIS Deutschland GmbH's (collectively, Thales).[1]

## I. BACKGROUND

Thales S.A. is a French entity headquartered in France. D.I. 51 ¶ 5. Thales DIS AIS USA, Thales DIS AIS Deutschland GmbH, and Thales USA are Thales S.A. subsidiaries. D.I. 51 ¶¶ 2–4. Thales DIS AIS USA is a Delaware entity with its principal place of business in Washington State. D.I. 51 ¶ 2. Thales DIS AIS Deutschland GmbH is a German entity headquartered in Germany. D.I. 51 ¶ 3. Thales USA is a Delaware entity with its principal place of business in Virginia. D.I. 51 ¶ 4. According to a declaration submitted by Thales S.A., all of the Thales entities operate under the umbrella of the Thales Group. D.I. 12 ¶ 2. "The Thales

_____

[1] Thales DIS AIS states in a footnote that "Thales USA, Inc. is joining this Motion" because "dismissal of the claims and allegations added to the second amended complaint would moot the need to answer." D.I. 55 at 2 n.1.

Group serves five key domains: (1) Aerospace; (2) Space; (3) Ground Transportation; (4) Defence; and (5) Security." D.I. 12 ¶ 2.

Philips is a Dutch entity headquartered in The Netherlands. D.I. 51 ¶ 1. Part of its business involves mobile communications technology research and development. D.I. 51 ¶ 12. Philips holds more than 60,000 patents in its patent portfolio. D.I. 51 ¶ 15.

Philips alleges claims of patent infringement in the first six counts of the Second Amended Complaint. The asserted patents cover technology used for cellular communication modules and related "internet of things" (e.g., internet or world-wide web) devices. D.I. 51 ¶ 19. Philips has offered to license rights to these patents to Defendants, but Defendants have refused. D.I. 51 ¶ 44.

Philips alleges in Count VII of the Second Amended Complaint that it is entitled to a declaratory judgment determining fair, reasonable, and non-discriminatory (FRAND) licensing terms for its patent portfolio. D.I. 1 ¶¶ 99–225. It seeks in Counts VIII and IX declaratory judgments respectively that (1) Defendants have repudiated any third-party beneficiary rights they may have in the Intellectual Property Rights (IPR) Policy of the European Telecommunications Standards Institute (ETSI) and (2) Philips has not breached the ETSI's IPR Policy. D.I. 51 ¶¶ 278–97. In the remaining counts of the Second Amended Complaint,

Philips brings common law claims of abuse of process (Count X), unfair competition (Count XI), and unjust enrichment (Count XII).

Counts VIII, X, and XI, as well as paragraphs 132–142 of the Second Amended Complaint relate in part to a lawsuit that Thales S.A. has filed in France. The parties dispute what exactly has happened in France. According to Philips, "Thales sought an order from the French court authorizing the seizure of documents that are personal, confidential and/or protected as attorney-client privileged or under the work product doctrine." D.I. 51 ¶ 299. Philips alleges that this order was sought through "secret and *ex parte* filings" that included "false" and misleading representations. D.I. 51 ¶¶ 135, 142. The French court granted a seizure order, and on December 14, 2021, "a bailiff acting on behalf of Thales arrived at the offices of Philips in Suresnes, France without prior notice to Philips." D.I. 51 ¶ 136. Philips says that many electronic files were seized, including files belonging to "Ms. Sophie Pasquier, a French attorney and Principal Licensing Counsel at Philips." D.I. 51 ¶ 136. According to Philips, all told, the "bailiff seized thousands of electronic communications of Attorney Pasquier going back more than five years," including information that Philips claims is protected under attorney-client privilege and work product doctrine. D.I. 51 ¶¶ 137–38. Philips further states that "Thales has declined to accept Philips' requests that the documents remain sealed and instead has encouraged a procedure that would result

3

in the protected and confidential information being revealed at least to Thales and its counsel and potentially publicly . . . ." D.I. 51 ¶ 137.

Thales does not dispute that documents were seized. But it does dispute Philips' characterization of the French litigation. (For example, Thales points out that "Attorney Pasquier" is not an attorney in France, nor is she admitted to the European Patent Office or the U.S. patent or Delaware bars. D.I. 68 at 1 n.1.) Thales also says that "the Paris court, not Thales, determined the scope and key words for evidence seizure." D.I. 56 at 6 (citing D.I. 46 ¶ 5); *see also* D.I. 71-1 at 46–47 (showing the differences between the seizure order requested by Thales S.A. and the order ultimately issued by the French court). And it asserts that "the evidence is being held under seal by a third-party sequester." D.I. 56 at 6 (citing D.I. 46 ¶ 5); *see also* D.I. 71-1 at 47 ("Thus, all of the seized items were placed under provisional sequestration, in accordance with the legally permissible protective measures provided by the Commercial Code. To date, all seized documents remain in escrow and neither Thales nor its counsel have had access to them.").

## II. DISCUSSION

### A. Count X (Abuse of Process)

Thales argues that I should dismiss Philips' abuse of process claim alleged in Count X pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject

4

matter jurisdiction. Philips counters that Count X "meets all the requirements for supplemental jurisdiction under 28 U.S.C. § 1367(a)." D.I. 65 at 4.

Section 1367(a) confers on district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Exercising supplemental jurisdiction should not be "unnecessarily grudging and must consider judicial economy, convenience, and fairness to litigants." *AngioScore, Inc. v. TriReme Med., LLC*, 666 F. App'x 884, 887 (Fed. Cir. 2016) (internal quotation marks and citations omitted).[2] But the supplemental and patent law claims still must derive from a "common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Voda*, 476 F.3d at 894. "Generally, claims arise out of a common nucleus of operative fact when they involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." *AngioScore*, 666 F. App'x at 887 (internal quotation marks and citations omitted). But there is not supplemental jurisdiction over "state law claims that

---

[2] Because "[t]he existence of supplemental jurisdiction over foreign patent claims based on claims of U.S. patent infringement is a question unique to U.S. patent law," Federal Circuit law applies. *Voda v. Cordis Corp.*, 476 F.3d 887, 891–92 (Fed. Cir. 2007). Section 1338 analysis is also governed by Federal Circuit law. *Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1311 (Fed. Cir. 2016).

5

only 'relate generally' to federal claims through a broader dispute and do not share any operative facts." *Id.* (citation omitted).

"The Supreme Court has also noted that § 1367 both 'authorize[s] the district courts to exercise supplemental jurisdiction' and 'confirms the discretionary nature of supplemental jurisdiction.'" *Voda v. Cordis Corp.*, 476 F.3d 887, 893 (Fed. Cir. 2007) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997)). Discretionary considerations include whether "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, there is no common nucleus of operative fact that would justify the exercise of supplemental jurisdiction over the abuse of process claim. Philips argues that because its "abuse of process claim relates, in part, to Thales' deceptive use of the French Judicial system in order to collect privileged documents relating to licensing negotiations between Philips and Thales" for the asserted patents, there is a common nucleus of operative fact. D.I. 65 at 5. But Philips' abuse of process argument focuses on whether the Thales entities made false representations to the French court to obtain privileged and protected evidence. Exercising jurisdiction

over the abuse of process claim would thus expand this action's scope beyond narrower questions of patent infringement and FRAND licensing terms to broader inquiries into French law and representations made before a foreign government.

Philips further alleges that Thales' "true purpose" behind the French litigation is "to gain negotiating power" to force Philips to "accept a reduced offer well below FRAND in order to settle the United States litigations." D.I. 51 ¶ 309. This allegation likely has some connections to the narrower questions of patent infringement and FRAND licensing terms. So there may be some judicial economy to hearing both counts in the same action. But "judicial economy is not *Gibbs's* only concern." *AngioScore*, 666 F. App'x at 888. And in even event, judicial economy is limited here because exercising jurisdiction over the abuse of process claim would still require additional witnesses, evidence, and facts. Most of this evidence likely is in French, and perhaps in a different language. "Because the [abuse of process claim] here only generally relate[s] to the federal patent claim[s], a 'common nucleus of operative fact' does not exist." *Id.*

Even if I had concluded that a common nucleus of operative fact exists, I still would exercise my discretion to decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Comity principles and practical considerations caution against exercising supplemental jurisdiction over the abuse of process claim. "Comity refers to the spirit of cooperation in which a domestic tribunal approaches

7

the resolution of cases touching the laws and interests of other sovereign states." *Voda*, 476 F.3d at 900 (quoting *Sociét é Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S.D. of Iowa,* 482 U.S. 522, 543 n. 27 (1987)). Comity interests can create exceptional circumstances that caution against exercising supplemental jurisdiction under § 1367(c). In *Voda*, for example, a plaintiff argued that there was supplemental jurisdiction over foreign patent infringement claims. 476 F.3d at 893. The Federal Circuit disagreed, concluding that it "s[aw] no reason why American courts should supplant British, Canadian, French, or German courts in interpreting and enforcing British, Canadian, European, French, or German patents." *Id.* at 901. Here, there is similarly no reason to supplant the French court's laws and remedies regarding false representations made before it. If Philips worries that Defendants made false representations to the French court to obtain access to protected information, then it should raise those grievances in France.

Exercising supplemental jurisdiction over the abuse of process claim also risks raising foreign antitrust law questions, an area of the law where the U.S. courts naturally lack institutional competence. Forcing the jury to consider the abuse of process claim in addition to the more discrete issues of patent infringement, FRAND licensing terms, and ETSI IPR rights also risks unneeded jury confusion. And it would be inconvenient to obtain—and potentially translate—evidence that has been seized and remains sequestered in France. *See*

8

*id.* at 903–04 (holding that judicial competence, jury confusion, and convenience concerns cautioned against exercising supplemental jurisdiction). These considerations all favor declining to exercise jurisdiction over Count X.

Accordingly, I find that there is not supplemental jurisdiction over the abuse of process claim, and even if there were, I would decline to exercise it. I will therefore grant Thales' motion to dismiss Count X, and I need not and do not address Thales' additional arguments regarding Count X.

**B.** **Count XI (unfair competition)**

Thales argues that I should dismiss Philip's unfair competition claim in Count XI for lack of subject matter jurisdiction and for failure to state a cognizable claim.

**1.** **Subject Matter Jurisdiction**

Philips says, and I agree, that "28 U.S.C. § 1338(b) provides subject matter jurisdiction over Philip[s]' common law claim of unfair competition." D.I. 65 at 6. That section provides that "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."[3] Relevant relatedness factors include how much the factual bases between

---

[3] "Section 1338(b) is wholly superfluous today, since § 1367 will grant jurisdiction over state-law claims of unfair competition, even in the absence of diversity of citizenship jurisdiction, if the claim arises from a common nucleus of operative

9

the federal and state claims overlap, whether proving the state law claims would require substantial additional evidence, and whether adjudicating the state law claims may confuse or prejudice the jury. *See Verdegaal Bros. v. Union Oil Co. of Cal.*, 750 F.2d 947, 952 (Fed. Cir. 1984); *see also O'Brien v. Westinghouse Elec. Corp.*, 293 F.2d 1, 12 (3d Cir. 1961) ("A related claim as used in [§ 1338(b)] refers to one which may be proved by substantially the same facts.").

Like § 1367, § 1338(b) codifies "a doctrine of discretion, not of plaintiff's right." *Verdegaal*, 750 F.2d at 950 (quoting *Gibbs*, 383 U.S. at 726). As the Federal Circuit emphasized nearly 40 years ago:

> The Supreme Court in *Gibbs* sets forth a cautious approach to the exercise of pendent jurisdiction: its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the claims. In addition, there may be reasons independent of jurisdictional considerations, such as likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial.

*Id.* at 951 (internal quotation marks and citations omitted).

In this case, the alleged facts that underpin Philips' unfair competition claim are closely related to the alleged facts the give rise to Philips' patent infringement

---

fact with a claim that arises under federal law of patent, plant variety protection, or copyright." 13D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3582 (3d ed.).

and FRAND licensing declaratory judgment claims. Although Count XI refers to the French action, Philips spills more ink here, alleging that Defendants "fail[ed] to negotiate in good faith for a cellular SEP portfolio license and improperly interfere[ed] with Philips' prospective licensing of its SEP portfolio." D.I. 51 ¶ 312. Unlike the abuse of process claim, the unfair competition claim's polestar is Defendants' overall negotiation practices, both before and after the French action commenced. These allegations thus overlap with the infringement and FRAND licensing counts that Thales does not contest are properly before this Court. Judicial economy, convenience, and fairness all point in favor of exercising jurisdiction. Accordingly, I find that there is subject matter jurisdiction over Philips' unfair competition claim pursuant to § 1338(b).

### 2. Adequacy of the Pleaded Allegations

Thales also argues that Philips has failed to state a claim of unfair competition. Here is the entirety of Thales' argument:

> A claim for unfair competition requires "a reasonable expectancy of entering a valid business relationship, with which the defendant wrongfully interferes, and thereby defeats the plaintiff[']s legitimate expectancy and causes him harm." *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 680 (D. Del. 2008). As with its unjust enrichment claim, the only basis for Plaintiff's unfair competition claims is the alleged patent infringement of patents. *Knova Software, Inc. v. Inquira, Inc.*, 2007 WL 1232186, at *3 (D. Del. Apr. 27, 2007) ("Plaintiffs' unfair competition claim is also preempted by federal patent law. . . . Plaintiffs have not alleged any conduct in

11

>> support of the state law claim beyond the acts alleged in support of their patent infringement claims."). Furthermore, the second amended complaint contains no allegations regarding "the existence of a specific party who was prepared to enter into a business relationship with Plaintiff but was dissuaded from doing so as the result of Defendants' wrongful interference." *You Map, Inc. v. Snap Inc.*, 2021 WL 106498, at *9 (D. Del. Jan. 12, 2021), *adopted by* 2021 WL 327388, at *1 (D.Del. Feb. 1, 2021).

D.I. 56 at 8–9. As Thales does not identify, let alone discuss, the paragraphs in the Second Amended Complaint relevant to these conclusory contentions, I will deny the motion insofar as it seeks dismissal of Count XI for failure to state a claim.

### C.  Count XII (unjust enrichment)

Thales argues that Philips' unjust enrichment is preempted by federal patent law because "[t]he only unjust enrichment identified in the second amended complaint is the alleged patent infringement," D.I. 56 at 7, and "state law cannot create a collateral set of rights available as an adjunct or expansion of patent rights," D.I. 56 at 8 (quoting *Waner v. Ford Motor Co.*, 331 F.3d 851, 856 (Fed. Cir. 2003)). But as Philips notes, its unjust enrichment count "is premised on the fact that 'Thales retained the benefit of Philips' compliance with ETSI's IPR policy by engaging in "hold out" tactics.'" D.I. 65 at 13 (citing D.I. 51 at ¶ 319). As a result of that compliance, Thales was able to "delay and avoid accepting Philips' FRAND offers while seizing the unfair value and advantage of using the technology on a world-wide basis while not accepting Philips['] FRAND offers."

12

D.I. 51 ¶ 320. Thales thus "illicitly usurped unjust benefit in negotiation of the license by refusing to negotiate in good faith, by delaying, or by making demands in the negotiation that it knew Philips could not meet." D.I. 51 ¶ 320. These allegations are sufficient to allege a cognizable claim for unjust enrichment that is not preempted by federal patent law.

### D. Counts VIII–IX (declaratory judgments)

Thales next argues that I should exercise my "discretionary authority" and dismiss Philips' additional declaratory judgment counts because both counts "are subsumed within the existing claims: 1) that Thales has repudiated its third[-]party beneficiary rights (Count VIII); and 2) that Plaintiff has not breached the ETSI IPR Policy (Count IX)." D.I. 56 at 9. Thales did not elaborate on this argument.

Given the deficiency of Thales' briefing on this issue and the fact that Thales suffers no prejudice from having to defend against counts that are subsumed within other claims, I will instead exercise my discretion and deny its motion insofar as it seeks dismissal of Counts VIII and IX.

### E. Paragraphs 132–142 of the Second Amended Complaint

Lastly, Thales asks me to strike paragraphs 132–142 of the second amended complaint pursuant to Rule 12(f). D.I. 56 at 3. Under that rule, a district court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are

generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks and citation omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotation marks and citation omitted).

As noted above, paragraphs 132–142 of the Second Amended Complaint contain Philips' allegations about what has happened in France. Thales argues that these paragraphs should be stricken because they misrepresent the French action and "serve no purpose but to confuse the issues in the case." D.I. 56 at 7. But apart from a cursory statement that the paragraphs are misleading and confusing, Thales offers no explanation for how these references have caused or will cause it to suffer prejudice. I therefore will deny Thales' motion to strike these paragraphs.

## III. CONCLUSION

For the reasons discussed above, I will grant in part and deny in part Thales' motion to dismiss and strike. I will grant the motion insofar as it seeks to dismiss Philips' common law abuse of process claim for lack of subject matter jurisdiction. I will otherwise deny the motion.

The Court will issue an Order consistent with this Memorandum opinion.

15