IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.<br><br>Plaintiff,<br><br>v.<br><br>THALES DIS AIS USA LLC, *et al.*<br><br>Defendants. | Civil Action No. 20-1709-CFC<br>Civil Action No. 20-1713-CFC |

## **MEMORANDUM ORDER**

Plaintiff Koninklijke Philips N.V. (Philips) filed these actions against Defendants Thales DIS AIS USA LLC, Thales DIS AIS Deutschland GmbH, Thales USA, Inc., and Thales S.A. (collectively, Thales). For efficiency purposes, the cases have been coordinated for scheduling, and groupings of claims alleged in the actions will be tried in phases. Trial for the first phase is scheduled to begin on August 12, 2024. Pursuant to the Scheduling Order in both actions, this trial will address Count VII of the operative Second Amended Complaint in the 20-1709 action, Count V of the Complaint in the 20-1713 action, and Thales' First Counterclaim in the 20-1713 action. *See Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1713, D.I. 127 at 1–2; *Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1709, D.I. 84 at 1-2. I have yet to schedule trial or summary judgment motion briefing for any other claims.

In Count VII in the 20-1709 action and Count V in the 20-1713 action Philips seeks "a declaratory judgment determining the appropriate world-wide FRAND [(fair, reasonable, and nondiscriminatory)] licensing terms for Philips' world-wide portfolio of patents under ETSI [(the European Telecommunications Standards Institute)] policies." No. 20-1709, D.I. 51 ¶ 275; No. 20-1713, D.I. 1 ¶ 211. In its First Counterclaim in the 20-1713 action, Thales seeks "a Declaratory Judgment setting forth the FRAND terms for Philips' worldwide portfolio of SEPs [(standard essential patents)]." No. 20-1713, D.I. 19 ¶ 4; *see also* No. 20-1713, D.I. 19 ¶ 62 ("Thales is entitled to a declaratory judgment that sets the FRAND terms and conditions, including but not limited to the FRAND royalty rate, for a worldwide license to Philips' 3G and 4G/LTE SEPs."). Neither Philips in its claims nor Thales in its counterclaim identifies a time period for which it seeks a FRAND determination.

Pending before me is Thales' Motion for Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 286. No. 20-1709, D.I. 126; No. 20-1713, D.I. 165. Thales seeks by its motion "partial summary judgment that Plaintiff Koninklijke Philips N.V.'s ('Philips') is barred under 35 U.S.C. § 286 from claiming patent damages for infringement prior to December 17, 2014, six years before the date the complaints were filed." No. 20-1709, D.I. 126 at 1; No. 20-1713, D.I. 165 at 1.

The motion is clearly not ripe. Philips has not sought damages, let alone patent damages, in Count VII in the 20-1709 action or Count V in the 20-1713 action, and the jury will therefore not be asked to ascertain or award to Philips damages at the August trial.

Finally, I note that the briefing filed in connection with the motion makes clear that parties need to meet and confer about the time period (or periods) for which the jury will be asked to determine FRAND licensing terms at the August trial. I will therefore order the parties to meet in person and confer about that issue and, if they cannot agree, to provide me with a status report that describes their respective positions.

NOW THEREFORE at Wilmington on this Seventeenth day of April in 2024, it is HEREBY ORDERED that:

1. Thales' Motion for Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 286 (No. 20-1709, D.I. 126; No. 20-1713, D.I. 165) is DENIED WITHOUT PREJUDICE TO RENEW;

2. No later than May 24, 2024, lead trial counsel and Delaware counsel for the parties shall meet in person in Wilmington, Delaware to discuss the time period or periods for which the jury will be asked to determine FRAND licensing terms at the August trial. Counsel shall confirm by letter filed with the Court no later than May 28, 2024 that lead trial counsel (identified by name) for each party

3

met and conferred in person in Wilmington about this issue. The letter shall also identify the other participants in the meeting and state how long the meeting lasted. The May 24 date will not be moved by the Court absent a showing of extraordinary circumstances. The parties are excused from meeting in person in Wilmington no later than May 24 if they reach an agreement before that date with respect to the time period or periods for which the jury will be asked to determine FRAND licensing terms at the August trial.

3. If the parties fail to reach agreement by May 24, 2024 about the time period or periods for which the jury will be asked to determine FRAND licensing terms at the August trial, the parties shall submit no later than May 31, 2024 a status report that outlines the parties' respective positions on this issue.

                                                                            _____
                                                                                CHIEF JUDGE