IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. | |
| Plaintiff, | Civil Action No. 20-1709-CFC |
| v. | Civil Action No. 20-1713-CFC |
| THALES DIS AIS USA LLC, *et al.* | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff Koninklijke Philips N.V. (Philips) filed these actions against Defendants Thales DIS AIS USA LLC, Thales DIS AIS Deutschland GmbH, Thales USA, Inc., and Thales S.A. (collectively, Thales). For efficiency purposes, the cases have been coordinated for scheduling, and groupings of claims alleged in the actions will be tried in phases. Trial for the first phase is scheduled to begin on August 12, 2024. Pursuant to the Scheduling Order in both actions, this trial will address Count VII of the operative Second Amended Complaint in the 20-1709 action, Count V of the Complaint in the 20-1713 action, and Thales' First Counterclaim in the 20-1713 action. *See Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1713, D.I. 127 at 1–2; *Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1709, D.I. 84 at 1–2. I have yet to schedule trial or summary judgment motion briefing for any other claims.

In Count VII in the 20-1709 action and Count V in the 20-1713 action Philips seeks "a declaratory judgment determining the appropriate world-wide FRAND [(fair, reasonable, and nondiscriminatory)] licensing terms for Philips' world-wide portfolio of patents under ETSI [(the European Telecommunications Standards Institute)] policies." No. 20-1709, D.I. 51 ¶ 275; No. 20-1713, D.I. 1 ¶ 211.  In its First Counterclaim in the 20-1713 action, Thales seeks "a Declaratory Judgment setting forth the FRAND terms for Philips' worldwide portfolio of SEPs [(standard essential patents)]." No. 20-1713, D.I. 19 ¶ 4; *see also* No. 20-1713, D.I. 19 ¶ 62 ("Thales is entitled to a declaratory judgment that sets the FRAND terms and conditions, including but not limited to the FRAND royalty rate, for a worldwide license to Philips' 3G, and 4G/LTE SEPs.").

Neither Philips in its claims nor Thales in its counterclaim identified a time period for which it seeks a FRAND determination.  And in reviewing the parties' summary judgment briefing, it became clear to me that the parties had never discussed with each other the time period (or periods) for which the jury will be asked to determine FRAND licensing terms at the August trial.  I therefore ordered the parties to meet in person and confer about that issue and, if they could not agree, to provide me with a status report that described their respective positions.

The parties filed a status report on June 17, 2024. *See* No. 20-1709, D.I. 218.[1] According to the report, the parties agree that the time period in question should end four years after the trial (i.e., in August 2028). No. 20-1709, D.I. 218 at 3, 4.[2] The parties disagree, however, about the starting date of the time period. Philips argues that "the time period for which the jury will be asked to determine FRAND licensing terms at the August trial should correspond to the period of the license/release for past use of Philips' worldwide technology, which goes back to 2009 when Thales' predecessor company (Cinterion) began selling telecommunications modules implementing the ETSI standards at issue in this case." No. 20-1709, D.I. 218 at 1–2. Thales says that the time period should begin in mid-2018—i.e., two and one-half years before Philips filed these actions—because "the closest FRAND license" Philips has with one of Thales' competitors required the competitor to make royalty payments to Philips for sales going back

---

[1] The status reports filed in the 20-1709 and 20-1713 actions were identical. For brevity, I cite only to the status report in the 20-1709 action.

[2] The parties disagree about how the future royalty determination should be calculated. Thales believes that forward looking royalties should be determined by applying a running royalty rate to actual future sales. D.I. 218 at 3 n.4. Philips argues that the jury should not be asked to set per-unit royalty rates for different products going forward and instead should be asked to make a lump-sum royalty determination. D.I. 218 at 3. Whether the future royalty should be in the form of a lump sum, running royalty rate, or something else is a question for the jury to decide.

two and one-half years before the date of the license. No. 20-1709, D.I. 218 at 4. Both parties overreach.

The parties' allegations in their respective pleadings resolve the dispute at hand. In the operative Second Amended Complaint in the 20-1709 Action, Philips alleged that "[f]rom 2015 to 2021, Philips and Thales [] engaged in negotiations in which Philips [] offered and sought to have Thales take a license to Philips' portfolio of cellular standard essential patents ('SEPs') – which include the Asserted Patents and numerous others, including international patents – on fair, reasonable and non-discriminatory ('FRAND') terms." D.I. 51 ¶ 118. Philips further alleged that it provided notice of its SEP portfolio to Thales by a letter sent on December 11, 2015, that the parties met on February 12, 2016, and that Philips sent Thales an offer for a license to the SEP portfolio on February 16, 2016. No. 20-1709, D.I. 51 ¶ 119.

In its Complaint in the 20-1713 Action, Philips similarly alleged that "at least as early as December 11, 2015, Thales has had actual knowledge of the Asserted Patents[,]" D.I. 1 ¶ 44, and that "[d]espite notice in 2015 of the Asserted Patents and others in Philips' world-wide [SEP] portfolio, followed by years of additional communications between the parties in which Philips offered and demonstrated its willingness to provide a world-wide license in those patents to Thales, Thales has steadfastly refused to accept Philips' FRAND licensing offers

4

and acted as a 'hold out' while infringing Philips' patents in a manner consistent with an 'efficient infringement' tactical approach." D.I. 1 ¶ 207.

Thales, for its part, alleged in its First Counterclaim in the 20-1713 Action that "[o]n December 11, 2015, Philips first approached Thales regarding Philips' portfolio of alleged SEPs[,]" that "Thales responded by agreeing to meet with Philips and exchange information relevant to licensing[,]" that the parties met "[o]n February 2, 2016," and that "[l]ater the same month, Philips provided its first license offer[.]" D.I. 19 ¶¶ 42–43.

Thus, it is undisputed that Philips gave Thales notice of the asserted patents in December 2015 and first offered Thales a license for the patents in February 2016. Accordingly, the jury should (and will) be asked to determine at the upcoming trial the FRAND licensing terms for Philips' asserted patents for the time period beginning February 16, 2016 and extending through August 2028.

NOW THEREFORE, at Wilmington on this Twenty-fifth day of June in 2024, it is HEREBY ORDERED that

1. The parties shall file no later than the date the Pretrial Order is due a verdict sheet for the August trial that asks the jury to determine the FRAND licensing terms for Philips' patents for the time period beginning February 16, 2016 and extending through August 2028; and

5

2. No later than July 3, 2024, the parties shall jointly submit a letter to the Court that addresses whether and if so, how, the resolution of any pending motion is affected by this Memorandum Order.

_____
CHIEF JUDGE