IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.<br><br>Plaintiff,<br><br>v.<br><br>THALES DIS AIS USA LLC, *et al.*<br><br>Defendants. | Civil Action No. 20-1709-CFC<br>Civil Action No. 20-1713-CFC |

## **MEMORANDUM ORDER**

The parties' July 8, 2024 joint letter (*Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1709, D.I. 224; *Philips N.V. v. Thales DIS AIS USA, LLC, et al.*, No. 20-1713, D.I. 263) makes clear to me that there is a fundamental misunderstanding about the Scheduling Orders (No. 20-1709, D.I. 84 at 1–2; No. 20-1713, D.I. 127 at 1–2) and my June 25, 2024 Memorandum Order (No. 20-1709, D.I. 220; No. 20-1713, D.I. 259) that needs to be addressed before the Phase I trial in these cases begins on August 12, 2024.

The parties appear to be under the impression that they are trying the issue of damages at the August trial. *See* No. 20-1709, D.I. 224 at 2 n.1 (Philips stating its understanding that "the Court will inform the jury that Thales owes money to Philips for sales of Thales' products . . . with the implication that the jury is not making a determination as to any money Thales might owe for sales prior to

February 16, 2016"); No. 20-1709, D.I. 224 at 3 (Thales faulting Philips for "not point[ing] to anything in ETSI [(European Telecommunications Standards Institute)] IPR Policy or in French or U.S. law stating that there are no limitations on the period for recovery of royalties"). But as I stated in my June 25, 2024 Memorandum Order, the only issue that the jury will be asked to decide at the August trial is *what would the FRAND licensing terms have been for Philips' patents if the parties had negotiated a FRAND license for the period February 16, 2016 through August 2028. See* No. 20-1709, D.I. 220 at 5; No. 20-1713, D.I. 259 at 5.

It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), that license would have required Thales to pay Philips a certain lump sum. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), that license would have required Thales to pay Philips a running royalty. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), whatever lump sum or royalty rate the parties agreed on would have been based in part on Thales' sales that preceded the time period

2

and the parties' views about the strength of Philips' patents and the likelihood that Philips could have successfully sued Thales as of February 2016 for patent infringement based on those sales. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), that license would have included a release for some duration of infringement of Philips' patents by Thales that occurred before February 16, 2016. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), that license would not have had to include a release for certain durations of infringement of Philips' patents by Thales because of applicable statutes of limitations. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license, that license would have been for the entire period. It may—or may not—be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license, that license would have been for some subset of the period and the parties would then have engaged in subsequent negotiations and entered into other licenses for subsequent subsets of the time period.

To the extent the parties' experts have opinions that bear on these considerations, those opinions are relevant and would be admissible at trial if they

were timely disclosed and otherwise satisfied the requirements of Federal Rule of Evidence 702. No expert, however, will be allowed to offer opinions about what Philips is owed or entitled to recover for alleged patent infringement. Issues of damages will be tried only if Philips prevails when its patent infringement claims are tried in the Phase II trial.

NOW THEREFORE, at Wilmington on this Fifteenth day of July in 2024, it is HEREBY ORDERED that the parties shall submit no later than July 17, 2024 a revised joint letter that addresses whether and, if so, how, the resolution of any pending motion is affected by the Court's June 25, 2024 Memorandum Order.

                                                     */s/ Colm F. Connolly*
                                                          CHIEF JUDGE